## FRED C. OTTO v. ANDREW H. MELVILLE.[1]

May 4, 1923.

No. 23,352.

**Broker's commission not earned.**

In a suit for a broker's commission it is *held* that the proposed purchaser and the vendor did not agree upon price or terms and that a commission was not earned.

Action in the district court for Jackson county to recover $300. The case was tried before Nelson, J., who when plaintiff rested denied defendant's motion to dismiss the action and plaintiff's motion for a directed verdict, and directed a verdict in favor of defendant. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*O. Thoreson*, for appellant.
*E. H. Nicholas*, for respondent.

DIBELL, J.

Action by the plaintiff to recover a broker's commission. The court directed a verdict for the defendant and the plaintiff appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

The defendant owned a quarter section of land bordering a lake in Jackson county. It was not a full quarter. The plaintiff had it listed for sale as containing 150 acres more or less and so advertised it. He considered this the acreage.

On May 21, 1919, the defendant at New York wrote the plaintiff urging him to negotiate a sale to one Albertson with whom apparently there had been prior negotiations. Albertson had sold his farm and had taken a purchase money mortgage of $20,000. In this letter the defendant stated that he would take "the mortgage of $20,000 on Albertson's farm and take back a mortgage for $2,250

[1]Reported in 193 N. W. 467.

on my farm at $5\frac{1}{2}$ per cent interest." On the same date he sent a telegram in which he referred to the proposed sale for the $20,000 mortgage and $2,250 back as on a "one hundred fifty an acre basis." Upon receipt of the letter the plaintiff interviewed Albertson and he agreed to take the farm except that he preferred to pay cash instead of giving a mortgage for $2,250. A telegram was sent to the defendant by the Jackson State Bank on May 31, as follows:

"Albertson takes farm through Otto and Bond your terms except that he pays cash above twenty thousand mortgage money deposited here awaiting deed and abstract answer."

Bond was an officer of the bank and represented the defendant in some matters. Albertson deposited the $20,000 mortgage and $2,250 in cash with the bank at the time. A telegram was received by Bond from the defendant under date of June 2 in which some instructions were given having in view a sale to Albertson, evidently in response to the bank's telegram, but with no specific mention of price or terms. On the same date defendant wrote a letter to Bond in part as follows:

"Sent you telegram just now saying sale of Lake farm is O. K. at $22,500, I to take mortgage of $20,000 and cash $2,500."

The correspondence does not show a meeting of minds upon the price. The defendant's offer by letter to take $22,250 with interest on the deferred payment of $2,250 at $5\frac{1}{2}$ per cent was not accepted by Albertson. Albertson's counter offer, taking it to be $22,250, the balance above the $20,000 in cash, was not accepted by the defendant. The defendant's counter offer was at the price of $22,500 with $2,500 in cash above the $20,000. This was not accepted by Albertson. Some three months later Albertson deposited an additional $250 in the Jackson bank; but he says that this was after the defendant had written that he would not accept his offer. The defendant's offer was not then outstanding. The plaintiff considered his work completed in May.

The minds of Albertson and the defendant not having met upon a price or terms it is immaterial whether the contract was that the

plaintiff, to earn his commission, should produce a purchaser or should effect a sale.

Order affirmed.